UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| RICHIE ELZANDER MAYES, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 12-24-KKC |
| ) | |
| V. ) | |
| ) | |
| COMMONWEALTH OF KENTUCKY, *et al.*, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondents. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Richie Elzander Mayes is a resident of Lexington, Kentucky. Proceeding without counsel, Mayes has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. [R. 1] In his petition, Mayes states that in 2011 he was charged in the Fayette District Court with violating a protective order, assault, and fleeing and evading police. He alleges that during that criminal proceeding, the respondents failed to inform him of the date and time of the preliminary hearing; that the respondent police officers and court officials jointly and severally denied him due process of law and caused him to sustain emotional distress; and that he was denied effective assistance of counsel. Mayes seeks monetary damages, the appointment of counsel, and a temporary restraining order prohibiting the respondents from threatening or harming him. [R. 1]

This proceeding must be dismissed because the constitutional claims Mayes is asserting against the individuals allegedly involved in his criminal prosecution can not be brought in a habeas petition under Section 2241. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004). Ordinarily, a plaintiff wishing to assert such claims must file a civil rights action under 42 U.S.C. § 1983 and pay the $350.00 filing fee unless

they qualify for pauper status.

It is unclear whether Mayes' criminal case is currently pending in Fayette District Court. In his most recent submission [R. 7], Mayes refers to a February 13, 2012 court proceeding, which suggests that his case is currently pending, yet he states in his complaint that both the Fayette Circuit Court and the Kentucky Court of Appeals have denied his appeals. [R. 1, p. 2] Under either scenario, however, Mayes may not assert civil rights claims against the respondents.

If Mayes's criminal case is still pending in the Fayette District Court, principles of comity with state courts strongly counsel against entertaining a federal case that might interfere with that state proceeding. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). Three factors support *Younger* abstention in this case. First, it appears that the state judicial proceeding is ongoing. Second, state criminal proceedings involve important state interests. *Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000). Third, state appellate proceedings provide Mayes with an adequate opportunity to raise constitutional challenges. *Foster v. Kassulke*, 898 F.2d 1144, 1157 (6th Cir. 1990).

If the criminal proceeding is concluded and Mayes has been convicted, he may not seek damages from those involved in his prosecution. A plaintiff may not file a civil rights action seeking damages against individuals involved in state criminal proceedings if doing so would necessarily undermine the validity of that conviction unless and until the underlying criminal conviction has been reversed or set aside. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Before Mayes can file suit seeking damages against those involved in his state criminal case, he must successfully challenge that conviction under 28 U.S.C. § 2254.

Accordingly, **IT IS ORDERED** as follows:

(1)   Mayes's 28 U.S.C. § 2241 petition for writ of habeas corpus [R. 1] is **DENIED**

**WITHOUT PREJUDICE**.

(2) Mayes's motions to appoint counsel [R. 2]; "for help" [R. 3]; and for a temporary restraining order [R. 7] are **DENIED AS MOOT**.

(3) The Court will enter an appropriate judgment.

(4) This matter is **STRICKEN** from the active docket.

Dated this 24th day of July, 2012.

Signed By:
*Karen K. Caldwell* KKC
**United States District Judge**